UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA FOUTCH,

    Plaintiff,

v.                                                     Case No: 8:13-cv-925-T-30TBM

TOSS, INC.,

    Defendant.

## FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law (Dkt. #27). The Court, having considered the motion and supporting documentation, and being otherwise advised on the premises, finds that the motion should be granted in part and denied in part.

Plaintiff seeks entry of default final judgment against Defendant Toss, Inc., for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* (the "FLSA"). Specifically, Plaintiff seeks $1,509.95 in unpaid overtime compensation, $1,509.95 in liquidated damages and $450.00 in costs. Defendant filed an Answer and Affirmative Defenses (Dkt. #4). However, the corporation dissolved and its attorney withdrew his representation (Dkt. #17). The Court entered an Order to Show Cause as to why the Defendant had not retained substitute counsel (Dkt. #21). Defendant's corporate representative responded that no substitute counsel would appear as there were no funds to sustain the defense. (Dkt. # 22). Accordingly, the Court directed the Clerk to

strike Defendant's Answer and Affirmative Defenses and enter a default against the Defendant for its failure to retain counsel as required by Local Rule 2.03(d). The Clerk entered a default on February 5, 2014 (Dkt. #24).

Pursuant to 29 U.S.C. § 216(b), an employer who fails to appropriately pay overtime compensation is liable to the affected employee for an additional equal amount as liquidated damages. An employer may avoid paying liquidated damages by showing it had reasonable grounds for believing the act or omission giving rise to the FLSA claim was both in good faith and predicated upon reasonable grounds. *See* 29 U.S.C. § 260. According to the Eleventh Circuit, an employer seeking to avoid liquidated damages in an FLSA case bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). Upon review of Plaintiff's affidavit, and considering Defendant's failure to respond, the Court determines Plaintiff is entitled to an award of $1,509.95 in unpaid overtime, and an additional $1,509.95 in liquidated damages.

Plaintiff also seeks an award of costs. However, Plaintiff's Declaration does not reference the amount of costs, and the attorney's expense report is not authenticated in the declaration. Therefore, the Court must deny the requests for costs without prejudice to the Plaintiff who may file a separate motion, with the appropriate affidavit or declaration to support a reward for its costs, and attorney's fees, if applicable.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law (Dkt. #27) is GRANTED in part and DENIED in part as set forth herein.

2. The Clerk is directed to enter a FINAL DEFAULT JUDGMENT in favor of Plaintiff, Christina Foutch, and against Defendant, Toss, Inc. in the total amount of $3,019.90, which includes $1,509.95 in unpaid overtime compensation, $1,509.95 in liquidated damages.

3. The Court retains jurisdiction for purposes of awarding attorney's fees and costs.  Plaintiff shall file a motion for attorney's fees and costs (including an itemization of hours) within fourteen (14) days of the date of this Order.

4. All pending motions are denied as moot.

5. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of March, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-925 default final judgment.docx